J-S23035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :      PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| WILLIAM D. TURNER | : |
| | : |
| Appellant | : No. 3129 EDA 2025 |

Appeal from the PCRA Order Entered October 30, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1007161-1980

BEFORE:   LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:               **FILED JULY 31, 2026**

William D. Turner appeals *pro se* from the order that dismissed, as untimely, his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1] He claims that the PCRA court improperly treated his petition as an untimely PCRA petition rather than a petition for writ of *coram nobis*, as he styled it, and alleges that the PCRA court exhibited bias by dismissing his petition as an untimely PCRA petition. We affirm.

Turner was charged with shooting a man named Nelson Wright, fatally

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The court identified Turner's presently at-issue petition, filed on April 19, 2024, as his ninth. **See** PCRA Court Opinion, 10/30/25, at 1 (unpaginated). As will be made clear in our summary of the procedural history of this matter, we discern the petition to be a tenth post-conviction petition, nine of which were previously denied pursuant to the PCRA.

wounding him on the chest, on July 22, 1980. *See* Criminal Complaint, 8/15/80, 1. On February 20, 1981, a jury convicted Turner of first-degree murder and possessing instruments of crime. *See* 18 Pa.C.S. §§ 2502 and 907. The trial court imposed a sentence of life imprisonment for the murder conviction and a consecutive imprisonment term of two and one-half to five years for the possessory offense on March 18, 1982. On May 20, 1983, this Court affirmed the judgment of sentence. *See Commonwealth v. Turner*, 460 A.2d 858 (Pa. Super., filed May 20, 1983) (unpublished memorandum) (878 PHL 1982). Our Supreme Court denied allowance of appeal on September 21, 1983.[2] *See* Superior Court Docket, Appeal No. 878 PHL 1982. Turner did not pursue further direct review by filing a writ of *certiorari* with the United States Supreme Court.

On December 19, 1983, Turner filed a *pro se* petition for post-conviction relief under the Post Conviction Hearing Act ("PCHA"), the PCRA's predecessor. The court appointed counsel, who filed an amended petition, and the court subsequently denied relief after hearing on April 29, 1988. This Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal on November 29, 1989. *See Commonwealth v. Turner*, 560 A.2d 241 (Pa. Super. 1989) (table) (1460 PHL 1988), *petition for allowance of appeal denied*, 571 A.2d 382 (Pa. 1989) (table) (276 E.D. 1989).

_____

[2] Our Supreme Court's decision is unreported.

Turner thereafter filed a second post-conviction petition pursuant to the newly effective PCRA. The PCRA court dismissed that petition on October 22, 1990. On June 17, 1992, we affirmed the dismissal. *See Commonwealth v. Turner*, 613 A.2d 1265 (Pa. Super. 1992) (table) (3090 PHL 1990). Our Supreme Court denied a subsequent petition for allowance of appeal on December 21, 1992. *See Commonwealth v. Turner*, 619 A.2d 700 (Pa. Super. 1992) (table) (450 E.D. 1992). Relevant to the instant appeal, we indicated in our affirmance of the dismissal of this second petition, that Turner "allege[d] that prior counsel was ineffective for failing to impeach a key witness with her past criminal record," and we concluded that there was "no merit in th[at] argument." *See Commonwealth v. Turner*, 3090 Philadelphia 1990, *1 (Pa. Super., filed June 17, 1992) (memorandum opinion).

Turner filed a third post-conviction petition, one which he styled as a petition for writ of *habeas corpus*. *See Commonwealth v. Turner*, 1949 Philadelphia 1995, *1 (Pa. Super., filed July 23, 1996) (memorandum opinion). On appeal from the April 28, 1995 dismissal of that petition, Turner claimed that, *inter alia*, there was "[e]rror in failing to permit counsel to cross-examine a Commonwealth witness about her status as a probationer for a prior conviction under a homicide charge" and a "same argument as to a retail theft conviction." *Id.* We concluded that the claims were "previously litigated," "waived," "not of a nature that, if proven would so undermine the truth-

determining process so as to defeat the reliabilities of the adjudication of guilty," and "inappropriately presented in the form of an impermissible *habeas corpus* petition." ***Id.*** at 2. We thus affirmed the dismissal of that third petition on July 23, 1996, and our Supreme Court denied a subsequent petition for allowance of appeal on April 8, 1997. ***See Commonwealth v. Turner***, 685 A.2d 215 (Pa. Super. 1996) (table) (1949 PHL 1995), ***petition for allowance of appeal denied***, 693 A.2d 967 (Pa. 1997) (table) (677 E.D.ALLOC. 1996).

We affirmed the dismissal of a fourth post-conviction filed by Turner as an untimely PCRA petition on December 3, 1999. ***See Commonwealth v. Turner***, 1134 Philadelphia 1998 (Pa. Super., filed Dec. 3, 1998) (unpublished memorandum); ***Commonwealth v. Turner***, 736 A.2d 16 (Pa. Super. 1998) (table) (1134 PHL 1998). Our Supreme Court denied a subsequent petition for allowance of appeal on July 9, 1999. ***See Commonwealth v. Turner***, 740 A.2d 1147 (Pa. Super. 1999) (table) (43 E.D.ALLOC. 1999).

Turner filed a fifth post-conviction petition on February 8, 2006, which the PCRA court dismissed as an untimely PCRA petition on June 12, 2007. Turner did not appeal this dismissal.

On February 8, 2008, Turner filed a sixth post-conviction petition, styled as a petition for writ of *habeas corpus*. The PCRA court dismissed that petition as an untimely PCRA petition on October 15, 2008. We affirmed that dismissal on July 13, 2009. ***See Commonwealth v. Turner***, 984 A.2d 1024 (Pa. Super. 2009) (table) (3059 EDA 2008). Our Supreme Court denied a subsequent

petition for allowance of appeal on June 2, 2010. **See Commonwealth v. Turner**, 996 A.2d 1068 (Pa. 2010) (table) (651 EAL 2009).

On February 16, 2011, Turner filed a seventh post-conviction petition which he styled as a motion to modify sentence and which the PCRA court dismissed as an untimely serial PCRA petition on September 13, 2012. On December 9, 2013, we affirmed the PCRA court's order dismissing the petition. **See Commonwealth v. Turner**, 93 A.3d 504 (Pa. Super. 2013) (table) (2758 EDA 2012). Our Supreme Court denied Turner's subsequent petition for allowance of appeal on July 28, 2014. **See Commonwealth v. Turner**, 96 A.3d 1027 (Pa. 2014) (table) (119 EAL 2014).

On November 7, 2014, Turner filed a *pro se* eighth post-conviction petition that he styled as petition for writ of *habeas corpus*. Turner filed two amended petitions on February 20, 2015, and April 1, 2016, respectively. As it is relevant to the instant appeal, Turner alleged in the first amended petition:

> Also by [filing] several petitions relating to the Right-to-Know [Law], finally[,] without any motion [in court] being filed[, t]he Commonwealth's key witness[,] Ms. Ella Martin's criminal record, was turn[ed] over. [It showed] Ms. Martin[] received different treatment to testify, at [] Turner's murder trial. Because there was no review concerning her, [her] probation status as well as other criminal acts was never turn[ed] over once [requests were made] during discovery, such as [her convictions/charges for] aggravated assault, simple assault, reckless[ly] endangering another person, robbery, criminal conspiracy, theft, possessing [an instrument] of a crime[,] and disorderly conduct[.] [With this information having not been provided, it] denied [] Turner an opportunity to put [on] a defense[.]

*Pro Se* Amended Eighth PCRA Petition, 2/20/15, ¶ 6 (unnecessary capitalization omitted).

On June 23, 2016, Turner filed a motion to compel a *habeas corpus* hearing. In this motion, Turner asserted that the trial court told him that he "could [have] used a retail theft case of the Commonwealth's key witness to impeach [the witness] knowing this was an untruth [*sic*]." *Pro Se* Motion to Compel Hearing, 6/23/16, ¶ 2. He explained that, in response to a Right-to-Know-Law request, he received a "docket sheet" with respect to the "Commonwealth's key witness Ella Martin," which reflected that Martin did not have a conviction for retail theft. ***Id.*** at ¶ 5. He also referenced that the trial court did not allow "the Commonwealth's key witness Ms. Ella Martin's 'probation status' to be heard by the jury." ***Id.*** at ¶ 7 (unnecessary capitalization omitted).

The PCRA court issued notice of its intent to dismiss Turner's petition pursuant to Pennsylvania Rule of Criminal Procedure 907 on July 19, 2019. Turner did not file a response or amended petition. On August 21, 2019, the PCRA court entered an order denying relief on the basis that it lacked jurisdiction to consider the merits of the petition because it was an untimely PCRA petition. ***See Commonwealth v. Turner***, 2020 WL 4386792 at *1 (Pa. Super., filed July 31, 2020) (unpublished memorandum) (2639 EDA 2019) (citations omitted). We ultimately affirmed the PCRA court's order dismissing his 2019 petition, and the Pennsylvania Supreme Court denied Turner's

corresponding petition for allowance of appeal on April 27, 2021.[3] ***See Commonwealth v. Turner***, 239 A.3d 125 (Pa. Super. 2020) (table) (2639 EDA 2019); Superior Court Docket for Appeal No. 2639 EDA 2019.

On November 9, 2021, Turner filed a ninth post-conviction petition, which, following the same pattern as his other petitions, resulted in that petition's dismissal as a PCRA petition, predicated on untimeliness. ***See Commonwealth v. Turner***, 2023 WL 4204605, *2 (Pa. Super., filed June 27, 2023) (unpublished memorandum) (2826 EDA 2022). On June 27, 2023, this Court affirmed. ***See Commonwealth v. Turner***, 301 A.3d 934 (Pa. Super. 2023) (table) (2826 EDA 2022). Turner asserted, *inter alia*, that his receipt of a criminal record for Ella Martin, reflecting that she had been convicted of theft offenses prior to his trial, constituted "newly-discovered facts" for purposes of a time-bar exception, and that he was "denied appellate review" because the PCRA court did not previously docket objections that he filed in response to a Rule 907 dismissal notice with respect to his eighth post-conviction petition. ***Turner***, 2023 WL 4204605 at *3-4. We affirmed the PCRA court's determination that his petition was untimely and thus unreviewable absent an applicable time-bar exception. ***See id.*** *3-5.

Turner filed the instant PCRA petition, his tenth post-conviction petition, on April 19, 2024. He styled that petition as a petition for writ of *coram nobis*

---

[3] Our Supreme Court's decision is unreported.

and, therein, he repeated his former claim that, with respect to his eighth post-conviction petition, the court "fail[ed] to address his objections because the Clerk of Court[] failed to docket those objections." Writ of Error *Coram Nobis* (Tenth PCRA Petition), 4/19/24, at 1-2. Turner claimed that his objections included "[n]ewly discovered" information as it pertained to Ella Martin, who he again referred to as a "key witness" for the Commonwealth. *Id.* at 2-3. According to Turner, the source of the information was "dated January 12, 2015" and "amended February 20, 2015." *Id.* at 2.

Ultimately, the court dismissed this petition, too, as untimely on October 30, 2025. *See* Order (dismissal of tenth post-conviction petition), 10/30/25, 1. Turner timely filed a notice of appeal, but the docket reflects that the court never ordered him to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). *See* Notice of Appeal, 11/18/25, 1.

On appeal, Turner raises two issues, which we have summarized accordingly:

1. Did the PCRA court fail to address Turner's petition for writ of *coram nobis* concerning a breakdown in court operations once the clerk failed to file and docket his objections in 2019, by reviewing the petition as an untimely serial PCRA petition?

2. Did the PCRA court demonstrate bias in dismissing Turner's petition as an untimely serial PCRA petition?

*See* Appellant's Brief at 4 (questions rephrased; numerals added).

We employ the same precepts in our present analysis of Turner's PCRA petition as had been used in our disposition of his ninth post-conviction petition:

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012) (quotation marks and quotations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The [1995] amendments to the PCRA, effective January 16, 1996, provide[d that] a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. [***See***] 42 Pa.C.S.[] § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.[] § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. [***See***] 42 Pa.C.S.[] § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Finally, there is "no generalized equitable exception to the jurisdictional one-year time[-]bar pertaining to post-conviction petitions." ***Commonwealth v. Brown***, 943 A.2d 264, 267 (Pa. 2008).

A prior panel of this Court found that Turner's judgment of sentence became final on November 21, 1983, giving him one year thereafter to file a timely PCRA petition. ***See Turner***, 2023 WL 4204605 at 3. As such, his present PCRA petition, filed on April 19, 2024, is facially untimely.

Although he titled his instant, tenth post-conviction petition as a petition for writ of *coram nobis*, we note that the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory

remedies . . . including . . . *coram nobis*." 42 Pa.C.S. § 9542 (italics added).[4]

Nevertheless, we emphasize the following as it pertains to the writ of *coram nobis*:

> The writ of error *coram nobis* is an ancient common law writ, the purpose of which is to bring before a court a judgment previously rendered by it for review or modification, on account of *some error of fact and not of law* affecting the validity and regularity of the proceedings, and which was not brought into the issue at the trial thereof.

**Commonwealth v. Fiore**, 665 A.2d 1185, 1189 (Pa. Super. 1995) (citation omitted; emphasis in original); **see also id.** ("[T]he writ of error *coram nobis* is a procedural tool whose purpose is *to correct errors of fact only*." (emphasis added; citation, quotation marks, and ellipses omitted)).

> It is [ ] generally accepted that the granting of a petition for such extraordinary relief[, *i.e.* a writ of *coram nobis*,] is not proper unless the extrinsic facts were not only not discovered at the time of trial, but also not discoverable by the petitioner at such time by the exercise of due diligence.

**Commonwealth v. Mangini**, 386 A.2d 482, 490 (Pa. 1978) (citations omitted).

Even assuming his allegations to be true, Turner has failed to demonstrate that the clerk of court's failure to docket his objections to a prior

---

[4] Notwithstanding this point of law, if the PCRA "does not encompass a claim[,]" other collateral procedures are potentially available. **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004). However, "*coram nobis* relief does not become available merely because the PCRA refuses to remedy a petitioner's grievance; rather, we look at the *claims* a petitioner is raising." **Id.** (emphasis in original).

PCRA petition, from several years and petitions ago, falls under the auspice of a writ of *coram nobis* incapable of review under the PCRA. That underlying contention certainly has nothing to do with extrinsic facts that could have been brought to issue at trial, so his claim is not germane to such a writ at all.

We find that, in having no basis to conclude to the contrary, the court correctly treated Turner's filing as an untimely PCRA petition, which correspondingly required him to plead and prove one of the PCRA's three exceptions to surmount its time-bar. Turner failed to plead or prove, much less discuss, as applied to his assertions, *any* of its exceptions. As such, we agree that the court was without jurisdiction to consider the merits of the allegations contained in his petition and affirm the court's order dismissing the same.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/31/2026